Artis-Ray: Cash Jr.
453 South Spring street
Suite 400 PMB 1211
Los Angeles, CA 90013
831-346-2562
artiscashjr@yahoo.com

Artis-Ray: Cash Jr., IN PRO PER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Artis-Ray: Cash Jr.,<br>        Plaintiff,<br><br>vs.<br><br>Vervent, INC.,<br>        Defendant. | Case No. CV24-10359-DMG(BFM+)<br><br>**COMPLAINT** for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., **NOTICE OF RIGHTS** |

## INTRODUCTION

1. I, Artis-Ray: Cash Jr., hereinafter referred to as "Plaintiff", brings this civil action for actual, punitive, and statutory damages and cost, against Vervent, INC., hereinafter referred to as "Defendant" for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1681p *et seq.*

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and 28 U.S.C.§ 1391(b)(2) being that the Plaintiff resides here, Defendants transacts business here, and a substantial part of the events, omissions, or conduct giving rise to Plaintiff's claim occurred in this judicial district.

4.  The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. § 1367.

**PARTIES**

5.  Plaintiff Artis-Ray: Cash Jr. is a natural person and consumer, as defined under 15 U.S.C. § 1681a(c), residing in Los Angeles, California.

6.  Upon information and belief, Vervent, INC. is a California stock corporation. Service of process for Defendant is C T Corporation System, 330 N Brand blvd, Glendale, CA 91203.

7.  Defendant is a furnisher.

8.  The acts of the Defendant as described in this Complaint were performed by the Defendant or on the Defendant's behalf by its owners, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to "Defendant" in this Complaint shall mean Defendant or their owners, officers, agents, and/or employees.

**FACTS**

9.  On or about September 3, 2024, Plaintiff reviewed his Equifax consumer report file confirmation # 4247606908.

10. In the report the Plaintiff observed an unauthorized inquiry from the Defendant Vervent, INC..

11. Defendant Vervent, INC. unauthorized inquiry was made on 01/17/2024, see Exhibit A.

12. Plaintiff never initiated any consumer credit transaction, account relationship, or contract with Defendant and never consented to their accessing his consumer report.

13. Defendant lacked a permissible purpose under the FCRA for obtaining Plaintiff's consumer report.

14. Under 15 U.S.C. § 1681b(a)(3), a consumer report may be obtained only for certain permissible purposes, including in connection with a credit transaction involving the consumer and the collection of an "account" as defined under the FCRA.

15. The FCRA incorporates the definition of "account" from the Electronic Funds Transfer Act, 15 U.S.C. § 1693a(2), which refers to a demand deposit, savings deposit, or other asset account established for personal, family, or household purposes.

16. Defendant's actions did not meet this definition. There was no account between Plaintiff and Defendant that could be considered an "account" under 15 U.S.C. § 1693a(2).

17. Defendants' unauthorized access to Plaintiff's credit report violated Plaintiff's right to privacy and caused emotional distress, anxiety, and a sense of vulnerability.

**PLAINTIFF'S DAMAGES**

18. Plaintiff's injury is "particularized" and "actual" in that the conduct that deprived Plaintiff of his rights was directed by Defendant to Plaintiff specifically.

19. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered emotional distress from the Defendant unauthorized access of his credit report.

20. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered an invasion of his privacy. This intrusion into the Plaintiff's personal information has caused a feeling of vulnerability, worry, and anxiety, which lead to sleeplessness and headaches.

21. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered fear and anger over the invasion of his privacy.

22. Plaintiff's injury is "particularized" and "actual" in that the Plaintiff has suffered loss of time into research and learning to fend against the Defendant's invasion of privacy.

23. Plaintiff's injury is directly traceable to Defendant's conduct because if it weren't for the Defendant's conduct, Plaintiff would not have been deprived of his rights and would not have been subject to the emotional distress, anxiety, worry and invasion of privacy caused by the Defendant's actions.

24. Defendant's conduct as described in this complaint was willful, with the purpose to either harm the Plaintiff or with reckless disregard for the harm to Plaintiff that could result from the Defendant's conduct.

25. Plaintiff justifiably fears that, absent this court's intervention, Defendant will continue to use abusive, deceptive, unfair, and unlawful means in its attempts to collect alleged debts and invade consumers privacy by continuing to access consumers information without permissible purpose.

26. The deprivation of Plaintiff's rights will be redressed by a favorable decision herein.

27. A favorable decision herein would redress Plaintiff's injury with money damages.

28. A favorable decision herein would serve to deter Defendant from further similar conduct.

## COUNT 1 – VIOLATION OF THE FAIR CREDIT REPORTING ACT 15 U.S.C § 1681b(f)

## DEFENDANT VERVENT, INC.

29. All preceding paragraphs are realleged.

30. This action is timely and falls within the statute of limitations in accordance with 15 U.S.C. § 1681p: (1) 2 years after the date of discovery by the Plaintiff of the violation. (2) 5 years after the date on which the violation that is the basis for such liability occurs.

31. The Defendant's actions violated 15 U.S.C. § 1681b(f). Permissible Purpose.

32. The Defendant's violations include but are not limited to the following:

    (a) The Defendant violated 15 U.S.C. § 1681b(f) by failing to have permissible purpose to obtain Plaintiff's consumer report pursuant to 15 U.S.C. § 1681b.

    (b) The Defendant did not have a court order to obtain Plaintiff's consumer report.

    (c) Plaintiff never gave written permission for the Defendant to obtain his consumer report.

    (d) Plaintiff does not have an account, which is defined under and has the same meaning under the Electronic Funds Transfer Act 15 U.S.C. § 1693a(2), with the Defendant.

    (e) Pursuant to the Electronic Funds Transfer Act 15 U.S.C. § 1693a the term "account" means a demand deposit, savings deposit, or other asset account (other than an occasional or accidental credit balance in an open end credit plan as defined in section 1602(i)1 of this title), as described in regulations of the Bureau, established primarily for personal, family, or household purposes, but such term does not include an account held by a financial institution pursuant to a bona fide trust agreement;

    (f) The Defendant does not have an account with the Plaintiff according to the definition above.

33. Defendant's purpose for accessing the report did not involve the collection of an "account" as required by 15 U.S.C. § 1681b(a)(3)(A) and defined by 15 U.S.C. § 1693a(2).

34. As a result of this conduct, Plaintiff suffered damage of invasion of privacy which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

35. As a result of the Defendant's violations of the Fair Credit Reporting Act, the Defendant is liable under 15 U.S.C. § 1681n(a)(1)(B) for damages of $1000 per violation and 15 U.S.C. § 1681n(a)(2).

## COUNT II VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692E(10) DEFENDANT VERVENT, INC.

36. All preceding paragraphs are realleged.

37. 15 U.S.C. § 1692e(10) prohibits "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

38. By pulling Plaintiff's consumer credit report without a permissible purpose, the Defendant used a false representation or deceptive means to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

39. As a result of this conduct, Plaintiff suffered damages of invasion of privacy, which led to anxiety, emotional distress, loss of time, fear, and loss of sleep.

40. As a result of the Defendant's violations of the Fair Debt Collection Practices Act, the Defendant is liable under 15 U.S.C. § 1692k(a)(1) and 15 U.S.C. § 1692k(a)(2)(A) for damages of up to $1000.

## PRAYER FOR RELIEF

41. Wherefore, Plaintiff Artis-Ray: Cash Jr., respectfully demands a jury trial and requests that judgment be entered in favor of the Plaintiff against the Defendant for:

A. Actual damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(1).

B. Statutory damages under 15 U.S.C. §§ 1681n(a)(1)(A) and 1692k(a)(2)(A).

C. Punitive damages under 15 U.S.C. § 1681n(a)(2).

D. Grant such other relief as the Court deems just and proper.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated: 12/02/2024

Artis-Ray: Cash Jr.

IN PRO PER

# NOTICE

To whomever it may concern, this document is tangible proof and evidence beyond reasonable doubt that I Artis Ray Cash Jr., am fully aware of the bill of rights, my civil rights, my constitutional rights and above all my natural rights as a Human being. I deem any and all contracts connected to me null and void. Meaning that if at any time in the past I inadvertently waived my rights, surrendered my rights, or in any way lessened my status through a contract, it would be a nullity as such would have been done without full disclosure, clean hands, good faith, and fair business practices. I am fully responsible and liable. I overstand that I am the Grantor and Beneficiary of ALL my proceedings whether they be legal, lawful, unlawful or civil. I demand that no-one presume that I am anything other than what I officially claim to be. ANY and all persons, corporations, organizations and government agencies who violate any single one of these rights are required to pay me in the USD amount of whatever I deem necessary. You are hereby bound to Inform all of your superiors and subordinates who may have future interactions with me or my person. If there is something you do not understand clearly, it is incumbent on you to summon a superior officer, special prosecutor, federal judge or other competent legal counsel to immediately explain the significance of this document as per your duties and obligations in respect to this private formal instrument. Please write to me back with any questions, comments or concerns you may have. You have 21 days to reply. Acquiesce applies. During the signing of this document I hereby testify this binding and unbreakable in the presence of God and Men.

Sincerely, *Artis Ray Cash Jr*

Exhibit A

P.O. Box 740241
Atlanta, GA 30374

September 3, 2024

EQUIFAX

To Start An Investigation, Please Visit Us At
www.equifax.com/personal/disputes

ARTIS RAY CASH JR

Exhibit A

PREQ - Inquiries with this prefix are used when you have provided consent to be prequalified for credit or services not specific to auto, credit card, telecommunications, home equity installment loan, insurance, mortgage or overdraft services

PRM - Inquiries with this prefix indicate that only your name and address were given to a credit grantor so they can provide you a firm offer of credit of insurance

REFRESH - Inquiries with this prefix relate to the use of a consumer report in the period of time between underwriting and closing of a mortgage loan to ensure no new debt is identified

SUPPORT - Inquiries with this prefix are used by a social service agency related to a government benefit or child support

UTILSERV - Inquiries with this prefix are used when requesting utility services.

Company information                     Inquiry Date(s)

VERVENT INC- ADV
10182 TELESIS CT STE 300 SAN DIEGO CA 92121-4777  Phone 8774843515     01/17/2024

Page 10 of 16

**** End of Credit File ****
000000858-DISC

424-60690B-XVP-0dcd014a000003Zz=08032024